**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MITCHELL HOWARD DZIK, | Case No. 2:22-cv-01982-GMN-EJY |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 1-2, 4, 5, 6, 9, 12, 13) |
| WARDEN JOHNSON, et al., | |
| Defendants. | |

Plaintiff Mitchell Dzik brings this *pro se* civil-rights action under 42 U.S.C. § 1983, alleging that his Eighth and Fourteenth Amendment rights were violated when he was incarcerated at High Desert State Prison ("HDSP") and prison staff denied him the ability to exercise. (ECF No. 1-1). Dzik has filed several motions seeking an injunction requiring prison officials to provide him access to the outdoor exercise yard. (ECF Nos. 1-2, 4, 5, 6, 9, 13). And he applied to proceed *in forma pauperis* as an inmate. (ECF Nos. 10, 12).

According to the Nevada Department of Corrections inmate database, Dzik has been paroled and is no longer incarcerated. Dzik, however, has not filed his updated address with the Court. Nevada Local Rule IA 3-1 provides that a pro se party must "immediately file with the court written notification of any change of mailing address, email address, telephone number, and facsimile number." The notification must be served on any opposing party or their attorney. *Id.* And "[f]ailure to comply with this rule might result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id.*

The Court grants Dzik an extension of time to file his updated address with the Clerk of the Court. Because Dzik is no longer incarcerated, the Court denies his application to proceed *in forma pauperis* by an inmate as moot, and grants him an extension to file an application to proceed *in forma pauperis* by a non-inmate. Finally, the Court denies Dzik's injunctive-relief motions as moot because he is no longer incarcerated and has not demonstrated that (1) the duration of the exercise condition is too short to be fully litigated before it ceases and (2) there is a reasonable

expectation that he will be returned to HDSP. *See Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975) (holding that a claim for injunctive relief was moot after the prisoner had been returned to a medium security prison and would be eligible for parole within days of decision); *Johnson v. Moore*, 948 F.2d 517, 519–22 (9th Cir. 1991) (holding that a claim for injunctive relief related to a prison's policies is moot where a prisoner has been transferred to another facility and shows no reasonable expectation of return); *see also Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (explaining that exception to mootness when case is capable of repetition yet evading review is limited to exceptional circumstances where there is a reasonable expectation that the same complaining party would be subject to the same action again); *Reimers v. State of Or.*, 863 F.2d 630, 632 (9th Cir. 1988) (explaining that "[c]ourts are reluctant to invoke [the exception to mootness] when the possibility of recurrence for the [litigant] depends upon his own wrongdoing").

For the foregoing reasons, it is ordered that Plaintiff will file his updated address with the Court **by August 25, 2023.**

It is further ordered that the application to proceed *in forma pauperis* by an inmate (ECF No. 12) is **DENIED**.

It is further ordered that **on or before August 25, 2023**, Plaintiff will either (1) file a fully complete application to proceed *in forma pauperis* for non-inmates or (2) pay the full $402 filing fee for this action.

It is further ordered that the motions for injunctive relief (ECF Nos. 4, 5, 6, 9, 13) are **DENIED as moot**.

It is further ordered that if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice.

It is further ordered that the Clerk of the Court will send Plaintiff Mitchell Dzik the approved form application to proceed *in forma pauperis* for non-inmates and the document titled information and instructions for filing an *in forma pauperis* application.

DATED: July 27, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE