**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MITCHELL DZIK,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>JOHNSON, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01982-GMN-EJY<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff Mitchell Dzik brings this *pro se* civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 1-1). Because Dzik is no longer incarcerated, on July 27, 2023, this Court ordered him to file his updated address and either pay the $402 filing fee or file an application to proceed *in forma pauperis* for a non-prisoner by August 25, 2023. (ECF No. 14). That deadline has expired and Dzik did not file his updated address with the Court, either pay the filing fee or apply for pauper status as a non-inmate, or otherwise respond. And the Court's mail to Dzik has been returned as undeliverable. (ECF No. 15).

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Dzik's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without a plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But entering a second order will only delay the inevitable and further squander the Court's finite resources because the likelihood that the order would reach Dzik is low. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Mitchell Dzik's failure to file an updated address and either pay the filing fee or file an application to proceed *in forma pauperis* in compliance with this Court's July 27, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be

filed in this now-closed case.  If Mitchell Dzik wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address and either pay the required filing fee or apply for pauper status.

DATED: August 28, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE